## GOODMAN Admrx v ALLIANCE FIRST NATIONAL BANK

Ohio Appeals, 9th Dist, Wayne Co

No 874.   Decided Oct 26, 1931

Marcuson & Siegel and A. D. Metz, Wooster, for plaintiff in error.

H. C. Koehler, Alliance, and Weygandt & Ross, Wooster, for defendant in error.

FUNK, J.

There is little, if any, dispute as to the material facts or the law controlling this case. The principal contention seems to be in the application of the law to the facts, and resolves itself into the question, Was the guaranty limited or unlimited?

The facts are substantially as follows:

Prior to the execution and delivery of said guaranty, said Frankel executed and delivered to said bank a note which was also signed by said Goodman as one of the makers, but in reality as only surety.

On May 11, 1923, said Frankel executed and delivered to said bank his promissory note for $800, dated May 10, 1923, which was accompanied by the written guarantee signed by said Goodman, a copy of which is hereinbefore set forth. On Sept. 10, 1923, $200 was paid on said note. Thereafter said Frankel executed and delivered a second note to said bank for $400, dated Oct. 3, 1923, and a third note for $500, dated March 3, 1924—all for money loaned to him by said bank.

These notes were renewed from time to time, the original notes being surrender and canceled at the time the renewals were given. On Aug. 8, 1927, a payment of $50 was made, and at another time a payment of $50 was made.

On Jan. 1, 1928, the notes were all combined into one note for $1400, due on demand, and the former renewals canceled and surrendered.

While there is no positive evidence as to any fixed time the notes were to become due, we think it is fairly inferable from the record that all of said notes, including the renewal notes, were payable on demand.

In construing a written promise to guarantee the debt of another, the rule is well established in Ohio that the guarantor is bound only by the express terms of his contract, that the language used is to be understood in its plain and ordinary sense, as read in the light of the surrounding circumstances, the situation of the parties and the object of the guaranty, and that construction given which most nearly conforms to the intention of the parties, and that if the language is equally capable of two constructions, the one will be adopted which construes it to be limited rather than the one which construes it to be unlimited.

Counsel on both sides recognize said rules and cite authority to sustain them, and each have cited many decisions setting forth contracts that have been construed limited or unlimited as supporting their contentions in the instant case.

While these various decisions construing certain contracts are of some aid in showing the tendency of different courts, the particular contract in question must always be construed according to its own expressed intention, as gathered from the wording of the instrument itself and all the surrounding facts and circumstances and the purpose for which it was given.

Counsel for the administratrix contend that the guaranty in question is limited and refers to the first note for $800 and $200 of the second note given for $400, less the credits of $200 and the two payments of $50 each. Counsel for the administratrix further contend that the guarantor was released from liability on this balance of $700 when the bank took renewal notes for said amounts and canceled the original, and that this is true even when the guaranty is on a separate sheet of paper, as in the instant case.

It is to be observed that in the cases cited in support of this latter proposition, they all construe instruments given to guarantee a particular debt or fixed amount, or an amount to be due at a fixed time, or the guaranty is a part of the instrument evidencing the debt.

It will be noted that the guaranty in question does not guarantee any particular note given at any designated time or to be due at any particular time, but that it guarantees "any note or notes given * * * to the amount of $1000.00."

It being fairly inferable that the originals and all renewal notes were made payable on demand, it is apparent that, while renewal notes were given which in effect relieved the necessity of immediate payment in the absence of some special reason therefor, there was in reality no extension of time for payment made so far as the face of the notes were concerned.

Considering the guaranty in the light of the whole record and the above-mentioned well-established rules, we are clearly of the opinion that said guarantor intended to guarantee only an original indebtedness of said Frankel up to $1000 and and did not intend to give a continuing guarantee for loans made by said bank to said Frankel, whereby said Frankel could borrow up to $1000, pay that off in whole or in part, and make further or new loans at any time up to that amount, and thus continue said guaranty in force for the full amount until it would be revoked; that is, he did not intend to establish a permanent credit for an unlimited number of $1000 loans, but in-

tended that the guaranty be restricted to the first $1000 loaned to said Frankel.

These views are supported by the following Ohio decisions:

32 Oh St 177, Birdsall v Heacock.

39 Oh St 324, Morgan v Boyer.

83 Oh St 50, National Bank v Cole.

3 C. C. (N. S.) 428, Bank of Commerce v Garn.

24 C. C. (N. S.) 478, Landmann v Sauerston.

25. Oh Ap 360, Conn-Hall-Marx Co v Vancedall.

Considering the particular wording of the guaranty in question, the purpose for which it was given, the surrounding circumstances, and the well known custom or rule of banks to require renewals on demand notes at certain short-time intervals, we are of the opinion that the giving of the renewal notes in this case did not destroy liability on the guaranty.

The wording of the guaranties and the facts and circumstances in the other cases cited by counsel on both sides are so different from those under consideration in the instant case that we do not find them in conflict with the above holdings and the above decisions.

We therefore hold that the estate of the guarantor is liable only on the first $1000 loaned, less the several payments aggregating $300, leaving the balance due $700.

The judgment of the trial court will therefore be modified to that extent, and affirmed as so modified.

PARDEE, PJ, and WASHBURN, J, concur.