Matthias, J.
 

 The fact is undisputed that the incorporation of the Union Body Company was completed prior to the furnishing of the advertising service upon which plaintiff’s claim is predicated,
 
 *16
 
 and for which recovery is sought in this action. The question whether, under the terms of the instrument executed by the defendant, his guaranty ended when the incorporation of the Union Body Company was effected, was presented by plaintiff’s demurrer to defendant’s answer, and was also involved in the consideration of the motion for a directed verdict in behalf of the defendant. We are therefore required first to examine the written guaranty and ascertain its effect and its limitations. It is elementary that the liability of a guarantor does not extend beyond the limits fixed by the instrument of guaranty, and, where a guaranty is made in terms to bind the parties for a limited time therein stated, it will not attach to debts contracted subsequent to that period. The terms of the first paragraph of this instrument are plain and clear. “Until such time as the corporation of the Union Body Company, Inc., has been made effective,” the defendant, and others signing the same, “assure Jules P. Storm & Sons, Inc., of the payment of such invoices as they render The Union Body Company.” The Union Body Company had not been incorporated when this instrument was executed, and the making of such guaranty was for the evident purpose of securing the services of the plaintiff, an advertising company, and assuring payment of its invoices for such services as should be rendered by it prior to the completion of the corporation. The limitation of time of such guaranty is not only clearly stated, but is emphasized by its position at the very beginning of the instrument. The language employed is clear and unambiguous, and was just as effective in stating the limitation .as if it had read that such
 
 *17
 
 guaranty should not be binding after the completion of incorporation of the Union Body Company.
 

 The limitation thus clearly specified was not removed or modified by any language used in the subsequent portions of the instrument. The statement relied upon as creating a continuing liability, or further extending the period of liability upon the part of the guarantors, is as follows: “When the corporation is completed, we will furnish your company a financial statement such as will make it possible for you to extend our company your usual credit terms.” The attitude of the plaintiff with reference to credit terms to be extended to the company was, of course, within its own control and subject to its own wish and determination. The defendant did not undertake to guarantee any indebtedness created by the incorporated company, or to pay for any service rendered subsequent to the completion of the incorporation. This portion of the instrument did nothing more than to state in substance and effect that for services rendered after the incorporation the guaranty should not be binding upon the parties signing same, and that terms of credit would then be based, not upon such instrument of guaranty, but upon a financial statement of the company itself. Instead of being a modification of the provisions of the instrument, which had clearly stated the limitations of the guaranty, the subsequent language is in full accord with such limitation by specifying the basis of credit to be extended for any service to be rendered subsequent to the completion of the incorporation. A contrary view would create a liability beyond that incurred by the terms of the written guaranty. It
 
 *18
 
 would extend the period beyond that fixed by the clear and unambiguous terms of the instrument itself.
 

 The authorities are quite uniform in holding that ’ the obligation of such an instrument cannot be extended by construction or implication beyond the terms of the contract. In 28 Corpus Juris, 985, numerous cases are cited, including
 
 Morgan
 
 v.
 
 Boyer,
 
 39 Ohio St., 324, 48 Am. Rep., 454, and
 
 Third National Bank
 
 v.
 
 Laidlaw,
 
 86 Ohio St., 91, 98 N. E., 1015.
 

 It is quite generally held that where the language employed is ambiguous, the construction will be adopted which favors a limited rather than a continuing guaranty. This is expressly decided in the case of
 
 Morgan
 
 v.
 
 Boyer, supra.
 

 It is our conclusion therefore that the pleadings and conceded facts presented by the record require a judgment for the defendant. No prejudicial error could result to the plaintiff from the submission of the case to the jury, the same verdict being rendered as should have been directed by the trial court.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur.
 

 Kinkade, J., not participating.