### SPITZ et v NUNN et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10498.  Decided Feb. 24, 1930

Jerome M. Friedlander, Cleveland, for Spitz et.

Arthur E. Brueckner, Cleveland, for Nunn et.

LEVINE, J.

One of the early cases decided by our Supreme Court bearing upon the point in controversy, is the case of **Sutliffe vs. Atwood, 15 OS. 194,** which is followed in **Lodge vs. White, 30 OS. 575.** In Lodge vs White, syllabus (1) is as follows:

"A lessee remains liable on his express agreement to pay rent, notwithstanding he may have assigned his lease with the lessor's consent and the lessor has accepted rent from the lessee."

The latest pronouncement was in **Blosser vs Enderlin, 113, OS. 134,** wherein the court reiterated the law to the effect that a lessee is liable for an express agreement to pay rent even though the lessee assigned his lease.

We can take it as well established that an express agreement to pay rent under a lease is binding upon the parties until there has been a discharge or modification by the act of the contracting parties.  The guarantors in this case, it may be taken as conceded, were not, in the slightest, prejudiced by the change in the personnel of the occupants of the premises.  The obligation expressed in the guarantee is quite definite and free from doubt.  Just as long as the original lessees are liable for rent under the lease, the obligation expressed in the guarantee co-exists and continues until it is discharged either by payment or the mutual agreement of the parties.

As a general rule the liability of the guarantor of the tenant is measured by that of the principal and will be so construed.  36 Corpus Juris 306.

Thompson on Real Property, Vol. 2, p. 508, states the rule in more explicit language, as follows:

"A surety for a lessee is not discharged from liability on the express covenants of the lease by an assignment to any greater extent than the lessee would be discharged. A contract of guaranty presupposes another and original contract to which it is col-

lateral; it is an undertaking to answer for the performance of some contract of another. A failure to pay rent would even after an assignment of a lease, be the default of the lessee and his sureties would be liable as guarantors."

The guarantee as signed by these defendants is absolutely clear and must be construed by the language used and in no other way. There was no occasion for interpreting any doubtful words or phrases as the language of the guarantee is quite explicit and needs no aid from the outside by way of interpretation. This last statement of law is pertinent to this case for the reason that the trial court permitted one of the guarantors to give his intention and also his interpretation of the meaning of the guarantee. The following appears in the record:-

"Q. Mr. Nunn, who were you guaranteeing when you signed the guarantee on the lease?

Mr Friedlander: Objection.

The Court: He may answer.

Mr. Friedlander: Exception.

A. For Mr. Blanchard and Mr. Eberhardt."

The same question was asked of defendant in error, John F. Eberhardt, as shown by the record on page 22.

"Q. Mr. Eberhardt, for whom did you guaranty this lease?

Mr. Friedlander: Objection.

The Court: He may answer.

Mr. Friedlander: Exception.

A. Mahlan J. Eberhardt, and Mr. Blanchard."

This action of the court was, in our opinion, erroneous. The parties should not be permitted to give their own interpretation of the language of a guarantee, if the language used therein was explicit and free from ambiguity.

We are of the opinion that the judgment of the lower court was erroneous. Accordingly, the judgment of the municipal court is ordered reversed and final judgment entered in favor of plaintiffs in error.

Vickery, PJ., and Sullivan, J., concur.