YEARLING PROPERTIES, INC., APPELLANT, *v.* TEDDER ET AL., APPELLEES.

(No. 88AP-205—Decided September 15, 1988.)

*David M. Neubauer,* for appellant.
*Sheppard & Bale, Alan W. Sheppard* and *David G. Bale,* for appellees Mitzi M. Tedder and Mary Matheny.

BRYANT, J. Plaintiff-appellant, Yearling Properties, Inc., appeals from a judgment of the Franklin County Municipal Court for defendant-appellee, Mitzi Tedder, on plaintiff's claim for unpaid rent and damage to the rental premises; and for defendant-appellee, Mary Matheney, on plaintiff's claim against her as guarantor. Plaintiff sets forth a single assignment of error:

"The covenants of a tenant or a cosigner (to pay rent, to not abuse or damage the premises, etc.) under a written rental agreement which pro-

vides for automatic renewal of all lease provisions on a month-to-month basis after the first year until terminated or modified by any of the parties are absolute undertakings until so terminated or modified."

On October 1, 1984, defendant, Mitzi Tedder, and her former husband, Brett Tedder, entered into a one-year lease with plaintiff. Pursuant to the terms of that lease, the parties agreed as follows:

"12. You agree that this agreement shall automatically be renewed on a month-to-month basis after the expiration of the term shown and until terminated or modified by either of us; that while you are renting on a month-to-month basis, I may increase your monthly rent without terminating this lease and that in the event of such rent increases, all the other terms and conditions of this lease shall remain in full force and effect.

"* * *

"14. The term 'You' means each person whose name is signed below, or his agent or cosigner as Lessees, all of whom agree to be jointly and severally liable for all these terms and the term 'I' means the Lessor as shown on the front."

On September 30, 1985, the original one-year term of the lease expired, and, pursuant to paragraph 12 of the rental agreement, the lease was automatically renewed on a month-to-month basis.[1]

During the month-to-month tenancy which ensued following the expiration of the original term of the lease, defendant Mitzi Tedder and her husband experienced marital difficulties.

As a result thereof, she left the premises on February 17, 1986, and did not return. Due to Mr. Tedder's failure to pay the rent on a timely basis, plaintiff served a three-day notice to vacate the premises, and initiated an action for unpaid rent and damage to the apartment against the Tedders and Mitzi Tedder's mother, Mary Matheney, who had signed the lease as a co-signer or guarantor. Following a trial to the court, the trial court determined that since Mitzi Tedder had vacated the premises as of February 17, 1986, she was not liable for any unpaid rent during the time she did not live at the rental premises. Further, the trial court found that Mary Matheney was not liable as a guarantor for the unpaid rent, as her obligation under the lease agreement had terminated with the expiration of the original one-year lease term.

Plaintiff appeals from that judgment, and in essence contends through its single assignment of error that the trial court erred in two respects: first, in finding that Mary Matheney was not liable for unpaid rent or damages beyond the original one-year term of the lease, and second, that defendant, Mitzi Tedder, had sufficiently notified plaintiff of her leaving the premises so as to terminate her month-to-month tenancy with plaintiff.

In its first argument, plaintiff asserts that the trial court incorrectly found that Mary Matheney's obligations as a guarantor under the lease terminated with the expiration of the original one-year lease. More particularly, plaintiff asserts that the language of paragraph 12, quoted

---

[1] While the lease indicates that it was effective September 25, 1984, thus making the termination of the original one-year period of the lease effective on September 24, 1985, plaintiff produced evidence that the original term of the lease was from October 1, 1984 to September 30, 1985. Inasmuch as neither party contests the findings of fact of the trial court regarding the original term of the lease, we do not address that discrepancy herein.

above, is sufficient to bind Mary Matheney to guarantee the obligations under the lease during the month-to-month tenancy which automatically ensued under paragraph 12. To the contrary, Mary Matheney testified that she intended only to guarantee the original term of the lease, and that the language of paragraph 12 of the lease is insufficient to properly notify her that her obligations would continue beyond the original one-year period.

While plaintiff relies heavily on *Spitz* v. *Nunn* (1930), 34 Ohio App. 397, 8 Ohio Law Abs. 216, 171 N.E. 117, we do not find that case, or its progeny, controlling. Specifically, *Spitz* states that the assignment of a lease by the original lessee does not negate the original lessee's liability on the lease, despite the lessor's having accepted rent from the assignee. Following that logic, the court in *Spitz* held that since the original lessee's liability under the lease remained in effect despite an assignment, the guarantor's liability likewise remained. As such, the holding in *Spitz* does not address the issue presented herein.

Defendant, Mary Matheney, on the other hand, relies on the reasoning expressed in *Zero Food Storage, Inc.* v. *Udell* (Fla. App. 1964), 163 So. 2d 303. Therein the court determined that, absent an express agreement holding the guarantor liable beyond the original term of the lease, a guarantor's liability terminated at the expiration of the original lease. Plaintiff seeks to distinguish *Zero Food Storage, Inc.* on the basis that the lease therein contained an option to extend the original term of the lease, whereas the lease in question here was renewed automatically on a month-to-month basis. Plaintiff's distinction, however, is nonexistent: the lease in *Zero Food Storage, Inc.* provided an option to the lessee to extend the period of the lease, but continued by indicating that the option would be deemed "automatically exercised" unless the lessee gave written notice to the contrary. In the final analysis, we are confronted with a case of first impression for this court. Adopting a reasoning akin to that set forth in *Zero Food Storage, Inc., supra,* we conclude that the lease agreement herein is ambiguous and therefore precludes binding Mary Matheney as guarantor of the Tedders' obligations beyond the original term of the lease.

More particularly, we find the language of paragraph 12 to be ambiguous in its intent to bind the guarantor beyond the period of the original lease agreement. Inasmuch as plaintiff drafted the lease, any ambiguities must be construed against plaintiff. Indeed, if a contract is ambiguous so that it may either extend or limit a guarantor's obligation, such contract should be construed to limit the obligation. *Nelsonville Electric & Mfg. Co.* v. *Marshall* (App. 1957), 76 Ohio Law Abs. 289, 146 N.E. 2d 643.

Moreover, as previously decided by this court, the uncommunicated subjective intentions of one party have no significance in determining the meaning of disputed terms in a guaranty contract. *G. F. Business Equip., Inc.* v. *Liston* (1982), 7 Ohio App. 3d 223, 7 OBR 285, 454 N.E. 2d 1358. As a result, it is insufficient for plaintiff merely to intend to bind defendant Matheney; such an intention must be clearly manifested.

Applying the foregoing to the contract herein, paragraph 12 of the lease does not clearly purport to bind Mary Matheney as guarantor of the option. Therefore, construing the contract narrowly and against plaintiff who drafted it, paragraph 12 does not bind defendant Matheney after the original one-year term of the lease.

We do not suggest, herein, that a lessor may not so obligate a guarantor.

However, in order to do so, a lessor must clearly state the continuing nature of the guarantor's obligation, which the lease agreement herein fails to do.

Based on the foregoing, plaintiff's first argument is not well-taken.

In its second argument, plaintiff contends that the trial court improperly determined that defendant, Mitzi Tedder, had properly terminated her obligations under the lease by virtue of her having vacated the lease premises in February 1986. The facts presented in the record concerning Mitzi Tedder's termination of her lease obligations are somewhat inconsistent. In particular, plaintiff's exhibit 2, dated July 25, 1986 and signed by Mitzi Tedder, indicates that "[t]his is to notify you that as of this date, I am not living on the property of 4321 #B." Nonetheless, defendant contends that she notified plaintiff that she left the property as of February 1986. Her contentions are based largely on her testimony at trial:

"Q. When did you first become aware that there might be some outstanding liability to you on this lease?

"A. When the eviction notice was served.

"Q. Okay. And what did you do when the eviction notice was served?

"A. I went over and talked to Jan.

"Q. What did you tell him?

"A. I told him that I thought I had told his mother that I was moving out. And he said I couldn't have, because she was on vacation. So I handed him a piece of paper saying as of February 13, 1986, I have not been living in this apartment.

"He said, 'I cannot accept this because I don't know that you weren't living there.'

"And I said, 'Well, Brett told you.'

"He said, 'Yeah, he told me you weren't living there; but, you know, I don't have any notice of this.'

"And I said okay.

"So I just wrote the other one out and gave it to him."

Accordingly, Mitzi Tedder seems to rely on her ex-husband's having told plaintiff that she had vacated the premises. Plaintiff's witness, Jan Goldberg, is somewhat uncertain as to the permanency of her departure in February 1986. More specifically, he testified:

"Q. Mr. Goldberg, when did you first become aware that Mitzi Tedder had moved out of the property?

"A. I would say I—I don't know what their personal relationship is. First she moved out. She's moved back. She's moved out. I don't know.

"Q. When did you first become aware—

"A. The first time she ever gave me any kind of written notice was—

"Q. Would you answer the question that I'm asking?

"A. I don't know the exact date. I just know, you know, their personal problems is [sic] not my business, so I really don't know.

"Q. Have I asked if their personal problems was [sic] your own business?

"A. Okay. Then I don't know.

"Q. Okay. Did Mitzi Tedder, to your knowledge move out of this apartment before the July date that she gave you that written notice?

"A. I don't know. I honestly don't know, in or out, you know. I know she said—she didn't say that to [sic] to; he did—that she was moving out.

"And he told me she was moving back. I don't know."

Therein, Goldberg seems to suggest that although he understood that Mitzi Tedder had moved out of the premises, he did not understand her leaving to be permanent.

While it is not our function to substitute our judgment for that of the trial court, we must determine whether defendant, Mitzi Tedder, has substantially complied with the termination provisions of the lease. See *McGowan* v. *DM Group IX* (1982), 7 Ohio App. 3d 349, 7 OBR 448, 455 N.E. 2d 1052. Plaintiff must concede that the lease does not require that defendant terminate the month-to-month tenancy in writing; and defendant concedes that no writing was given in February 1986. Rather, defendant asserts first that she *thought* she told Goldberg of her leaving the premises, and upon reconsideration, testified that her former husband so notified him. Indeed, Goldberg's testimony confirms defendant's contention. While Goldberg's testimony indicates some confusion on his part as to the communication from Brett Tedder, the trial court properly may weigh the credibility of the witnesses and render judgment accordingly. From the testimony given, the trial court could find that plaintiff had knowledge of termination by Mitzi Tedder, as Mitzi Tedder's testimony reasonably supports a termination as of February 1986. Hence, we must conclude that the trial court did not err in determining that Mitzi Tedder's obligations under the lease were terminated prior to the date for which plaintiff seeks payment of unpaid rent. Accordingly, plaintiff's second contention is not well-taken.

Based on the foregoing, we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

STRAUSBAUGH and YOUNG, JJ., concur.