JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Stuart A. Friedman that granted appellees Linda Tancek's and Frederick Lemieux's motion to dismiss the breach of a lease extension claim filed against them by appellant Fairview Realty Investors, Inc. ("Fairview"). Fairview contends that the lease extension required that Tancek and Lemieux, signing only as corporate officers of lessee Seaair Inc., ("Seaair"), also guarantee the rental payments. We affirm and remand.
 {¶ 2} On January 31, 1996, Fairview and Seaair entered into a five-year lease, with an option for an additional five-year term, for commercial space in the Fairview Village Plaza, in Fairview Park. Both Tancek and Lemieux signed the agreement as officers of the corporate lessee and as individual guarantors. Seaair exercised its option and, on January 30, 2001, entered into an Addendum to Lease Agreement that incorporated by reference all the terms and conditions of the earlier lease, increased the rent and required only that Tancek and Lemieux endorse it in their corporate capacity as officers of Seaair, the lessee.
 {¶ 3} During October of 2001, Seaair moved its Clutterbuck Napa Auto Parts business to a nearby building Tancek and Lemieux had purchased, and sold the business to an unidentified third party. Seaair then notified Fairview that it was insolvent and would not make any further payments under the lease, and Tancek and Lemieux individually denied any liability to Fairview as well.
 {¶ 4} Fairview filed a complaint against Seaair, and Tancek and Lemieux individually, alleging breach of contract and fraud, and moved for an order restraining them from transferring any monies from the sale of the business or selling their building.
 {¶ 5} Tancek and Lemieux moved to dismiss Fairview's breach of contract claim under Civ.R. 12(B)(6), claiming that because each had not individually guaranteed the lease extension attached to the complaint neither had any personal liability for Seaair's obligations thereunder. Fairview countered that the 1996 signature page acknowledged the personal guarantees of performance by the corporate officers and, therefore, was one of the terms and conditions of the original lease. When the lease extension incorporated the same terms and conditions by reference, Fairview contends, it was not necessary for Tancek and Lemieux to again affirm the individual liability each had earlier guaranteed.
 {¶ 6} The judge granted the motion and, in his opinion, reasoned that because the lease and extension did not contain language reflecting the intent of the parties that the guarantees provided by Tancek and Lemieux in 1996 would not apply to any extension of it, the guarantees applied only to the original lease term, and not to any extension. Following that ruling, he issued an order stating that there was no just reason for delay, under Civ.R. 54, allowing this interlocutory appeal to proceed.[1]
 {¶ 7} Fairview's sole assignment of error submits that the addendum to the lease agreement was not ambiguous and that the corporate officers are liable under the contract as individuals.
 {¶ 8} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo.[2] A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint,[3] and one looks only to the complaint or, in a proper case, the copy of a written instrument upon which a claim is predicated to determine whether the allegations are legally sufficient.[4]
Such a motion should be granted "only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover," or, in the case of a complaint seeking relief under a contract, attached pursuant to Civ.R. 10(D), where the "writing presents an insuperable bar to relief."[5] Dismissals under Civ.R. 12(B)(6) are proper where the language of the writing is clear and unambiguous.[6]
 {¶ 9} "Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement.[7] Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions.[8]
When the terms in a contract are unambiguous, courts will not create a new contract by finding an intent not expressed in the clear language employed by the parties.[9]"[10]
 {¶ 10} Courts construe guaranty agreements in the same manner as they interpret contracts.[11] One need not go beyond the plain language of the agreement to determine the parties' rights and obligations if a contract is clear and unambiguous.[12] A guarantor is bound only by the precise words of his contract.[13] The guarantee must clearly manifest an intent to bind the defendant.[14] The clear and unambiguous terms of an instrument of guaranty will not be extended by construction or implication to cover a period of time not embraced within those terms.[15] Indeed, if a contract is ambiguous so that it may either extend or limit a guarantor's obligation, such contract should be construed to limit the obligation.[16] As this court has specifically stated in Singer v. Bergsman,[17]
 {¶ 11} "Where a lease agreement does not clearly and unambiguously express the intention of the parties that the guarantor of rent payments is liable for such payments beyond the original term of the lease, the guarantor's liability terminates at the expiration of the original lease. * * * Moreover, a guaranty described as unconditional and/or absolute cannot, without more, be construed to be continuing."
 {¶ 12} Under the facts of this case, it is apparent from the face of the original, integrated lease that there is no requirement that Tancek and Lemieux sign the lease in a personal capacity. The mere fact that they did so cannot serve to imply that in the absence of such signature, Fairview would have not executed the lease, and there is nothing to indicate that the personal guaranty signatures provided were anything other than voluntary. While Fairview presented an affidavit from its managing partner to support its contention that a personal, continuing guarantee was intended by the parties although not included in the extension, "[i]n resolving a Civ.R. 12(B)(6) motion, courts are confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted, with appropriate notice, into one for summary judgment under Civ.R. 56."[18]
Additionally, because Fairview drafted the extension, the explicit omission of any personal guaranty requirement in the document lends further support to the result we reach here. If no personal guarantees were executed on the extension, the limited enforcement of continuing guarantees mandated by precedent compels our conclusion that Tancek and Lemieux's personal guarantees on the original lease are enforceable as to that lease term only, and not to any extension.
 {¶ 13} Judgment affirmed, and case remanded for resolution of the unresolved claims against Seaair, Tancek and Lemieux.
 {¶ 14} It is ordered that appellee shall recover of appellant costs herein taxed.
 {¶ 15} The court finds that there were reasonable grounds for this appeal.
 {¶ 16} It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
 {¶ 17} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS IN JUDGMENT ONLY
FRANK D. CELEBREZZE JR., J., DISSENTS WITH SEPARATE OPINION
[1] The judge stayed the case and the unresolved claims against Seaair, Tancek and Lemieux pending resolution of this appeal.
[2] Hunt v. Marksman Products (1995), 101 Ohio App.3d 760, 762,656 N.E.2d 726.
[3] State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378.
[4] Id., Slife v. Kundtz Properties (1974), 40 Ohio App.2d 179,185-186, 318 N.E.2d 557.
[5] Maines Paper Food Service, Inc. (Sept. 28, 2000), Cuyahoga App. No. 77301, Slife v. Kundtz Properties, 40 Ohio App.2d at 186, Groskov. Dana Commercial Credit Corp. (September 1, 2000), Lucas App. No. L-00-1060.
[6] Slife v. Kundtz Properties, 40 Ohio App.2d at 184.
[7] Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130,509 N.E.2d 411, paragraph one of the syllabus; Aultman Hosp. Assn. v.Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 544 N.E.2d 920, syllabus.
[8] Kelly, supra, at 132, 509 N.E.2d at 413.
[9] Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246,374 N.E.2d 146, 150.
[10] Shifrin v. Forest City Enterprises (1992), 64 Ohio St.3d 635,638, 597 N.E.2d 499, 501.
[11] G.F. Business Equip. v. Liston (1982), 7 Ohio App.3d 223, 224,454 N.E.2d 1358, Stone v. National City Bank (1995), 106 Ohio App.3d 212,665 N.E.2d 746.
[12] Uebelacker v. Cincom, Inc. (1988), 48 Ohio App.3d 268, 271,549 N.E.2d 1210, McConnell v. Hunt Sports Ent. (1999), 132 Ohio App.3d 657,725 N.E.2d 1193.
[13] G.F. Business Equip., Inc. v. Liston, supra, at 224,454 N.E.2d 1358, American Hardware Supply, Inc. v. Alan Supply, Inc.
(1989), 63 Ohio App.3d 838, 844, 580 N.E.2d 473, Harcros Lumber Bldg. Supplies, Inc. v. Swabado (June 30, 1998), Belmont App. No. 96-BA-66.
[14] G.F. Business Equip., supra, Harcros Lumber, supra, YearlingProperties, Inc. v. Tedder (1988), 53 Ohio App.3d 52, 557 N.E.2d 1231.
[15] Jules P. Storm Sons, Inc. V. Blanchett (1929),120 Ohio St. 13, 165 N.E. 353, at paragraph 1 of the syllabus.
[16] Yearling Properties, Inc. v. Tedder (1988), 53 Ohio App.3d 54,557 N.E.2d 1231.
[17] (Jan. 23, 1992), Cuyahoga App. No. 59682.
[18] State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94,563 N.E.2d 713. We further note that since the original lease contained an integration clause, any effort by Fairview to introduce evidence of a prior or contemporaneous agreement between the parties, as to either the lease or the extension, would have been barred by the evidentiary rule against the admission of parol evidence, since the lease contracts at issue here contain no ambiguity.