OPINION
{¶ 1} Plaintiff-appellant Chateau Estates, Ltd., appeals from a judgment rendered in favor of defendant-appellee Benjamin Krouse, upon Chateau Estates' complaint to enforce an alleged contract guaranteeing the payment of rent pursuant to a lease between Chateau Estates and defendant-appellee Sarah Baumann. Chateau Estates contends that when Krouse signed Baumann's rental application in his capacity as "Applicant Third Comaker of Collateral," Krouse thereby guaranteed Baumann's payment of rent under an oral lease agreement subsequently entered into between Chateau Estates and Baumann. We agree with the trial court that the provision in the rental application upon which Chateau Estates relies did not clearly and unambiguously so provide. Consequently, the judgment of the trial court is affirmed.
 I {¶ 2} The facts have been stipulated by the parties, as follows:
 {¶ 3} "1. On or about July, 2001, the Defendant Sarah Baumann submitted a Chateau Estates Rental Application for the purpose of renting Lot #201 from Chateau Estates Mobile Home Park. Said application is attached hereto and incorporated herein and marked as Exhibit No. 1.
 {¶ 4} "2. On the same application, Defendant Ben Krouse was listed as Titleholder of the mobile home that was placed on Lot #201.
 {¶ 5} "3. On the same application, Defendant Ben Krouse executed his signature as Applicant Third Comaker.
 {¶ 6} "4. Subsequent to the submission of the Application, Chateau Estates Mobile Home Park leased the real estate, Lot #201, to Sarah Baumann under an oral month to month tenancy.
 {¶ 7} "5. The Defendant, Sarah Baumann has failed to make monthly rental payments of $279.00 for each of the months of April, May, June, July, August, 2003.
 {¶ 8} "6 . The Defendant, Sarah Baumann has failed to make monthly late charges of $30.00 for each of the months of April, May, June, July, August, 2003.
 {¶ 9} "7. The mobile home is presently located on Lot #201.
 {¶ 10} "8.On or about October 15, 2001, a title was issued to Sarah Baumann for the mobile home located on Lot #201 from Benjamin F. Krouse, Jr.
 {¶ 11} "9. Said title listed Benjamin F. Krouse, Jr. as the lienholder.
 {¶ 12} "10. On or about April 27, 2003, Chateau Estates Mobile Home Park delivered a notice to Defendant Krouse indicating that Defendant Baumann was delinquent in her rent and an eviction was being pursued. (However defendant Krouse disputes the date of the notice.) (See Exhibit 2 attached hereto and incorporate [sic] herein.)
 {¶ 13} "11. On or about April 28, 2003, Defendant Krouse released any lien on the mobile home.
 {¶ 14} "12. Defendant Baumann has left the premises, however, the mobile home continues to remain on Lot #201 of the mobile home park."
 {¶ 15} Chateau Estates brought an action in forcible entry and detainer against Baumann and Krouse. Chateau Estates was subsequently granted leave to file an amended complaint in forcible entry and detainer against Baumann and Krouse. In its amended complaint, Chateau Estates includes the following claim against Krouse:
 {¶ 16} "15. Defendant, Ben Krouse signed the Chateau Estates Rental Application in July 2001 as the Applicant Third Co-maker. See Exhibit No. 2 attached hereto and incorporated herein.
 {¶ 17} "16. As Co-maker, Defendant, Ben Krouse, was responsible for the faithful performance of the rental agreement by the Defendant, Sarah Baumann, including the payment of rent, the costs of removal of the mobile home, and any other damages."
 {¶ 18} This matter was initially decided by a magistrate. The magistrate decided that by having signed the rental application in his capacity as a co-maker, Krouse became responsible for rent not paid by Baumann. The magistrate reserved the determination of the amount owed for a later hearing. Baumann filed an objection to this decision. The trial court rendered judgment on June 17, 2004, finding Krouse's objection well-taken. The trial court's holding is set forth in the last two paragraphs of its decision and judgment, as follows:
 {¶ 19} "Upon review of the rental application, the Court finds the name `Ben Krouse' written in the space denoted `Mobile Home Titleholder Name' as stipulated by the parties. That information is located six lines above the aforementioned language. The five lines in between contain places for the titleholder's address, descriptive information concerning the mobile home and a line inquiring by what means the applicant will purchase the mobile home. The next line, which is directly above the guarantee language, is the line denoted: `Titleholder's Signature'; upon which `JLK Investments' is printed, followed immediately by a signature in the name of `Melissa Krouse.' The single place where the signature of `Benjamin Krouse' appears is as the parties stipulated: on the line captioned: `applicant third comaker,' several lines lower on the form. The handwriting of the `Melissa Krouse' signature bears no resemblance to the signature of `Benjamin Krouse.' There is no language on the rental agreement obligating payment by the `applicant third comaker.'
 {¶ 20} "In the absence of evidence Krouse signed the rental application as titleholder, the court finds no basis to hold him responsible for Baumann's unpaid rent and late fees. Accordingly, the decision of the Magistrate is set aside. The complaint against Krouse is dismissed at plaintiff's cost." (Italics in original.)
 {¶ 21} From this judgment of the trial court rendered in favor of Krouse, Chateau Estates appeals.
 II {¶ 22} Chateau Estates' sole Assignment of Error is as follows:
 {¶ 23} "The clark county municipal court erred when the trial court set aside the magistrate's decision and dismissed defendant Krouse from the case. the magistrate concluded that defendant Krouse's signature on the rental application as co-maker obligated him to pay rent not paid by defendant Sara Baumann."
 {¶ 24} Krouse's obligation to Chateau Estates is predicated upon a two-page rental application that is attached to Chateau Estates' Amended Complaint. The single applicant specified therein is Sara Baumann. Neither the property to be leased, the term of the lease, nor the rent is set forth in the application. Therefore, it was merely an application in which an interest in becoming a tenant was expressed, not an offer subject to the formation of a binding lease contract by acceptance by Chateau Estates.
 {¶ 25} Furthermore, as the trial court noted it its decision, the provisions on the second page of the rental application appearing in proximity to Krouse's signature are confusing, at best. The name "Ben Krouse" appears to have been written on the line on the form following the words "Mobile Home Titleholder Name." There follows information concerning the mobile home, followed by a line beginning with "Titleholder's Signature," and continuing with a blank in which the words "J.L.K. investments melissa krouse," appear, all in apparently the same handwriting used to insert the name "Ben Krouse" in the blank for "Mobile Home Titleholder Name."
 {¶ 26} Immediately following the "Titleholder's Signature" line, in the blank following which the words "J.L.K. investments melissa krouse" appear, the following sentence appears:
 {¶ 27} "As titleholder, I made an additional security deposit of $____, have signed and received a copy of the rules and regulations, and guarantee the payment of the rental payments in the event of nonpayment by the above titleholder." No figure is inserted in the blank in this line.
 {¶ 28} The conclusion of the form inquires "How did you hear about Chateau Estates Mobile Home Park?" Just before that are what appear to be the only signatures on the form. These signatures immediately follow the following sentence: "Any person or firm is authorized to release information about the undersigned upon presentation of this form or a photocopy of this form at any time." (Capitalization in original.) Immediately below this sentence are what appear to be the signatures of Sarah Baumann as "Applicant First Comaker," and Benjamin F. Krouse as "Applicant Third Comaker of Collateral."
 {¶ 29} The Rental Application was drafted by Chateau Estates, so that any ambiguities must be construed against it, as the draftor. Furthermore, any ambiguities in an alleged contract of guarantee must be construed strictly in favor of the guarantor. Yearlings Properties, Inc.v. Tedder (1988), 53 Ohio App. 3d 52.
 {¶ 30} Chateau Estates argues that it intended that Krouse be a guarantor of Baumann's rental payments and that Chateau Estates would not have rented the mobile home lot to Baumann without Krouse's guarantee. However, "the uncommunicated subjective intentions of one party have no significance in determining the meaning of disputed terms in a guarantee contract. G.F. Business Equip., Inc. v. Liston (1982),7 Ohio App. 3d 223, 7 OBR 285, 454 N.E. 2d 1358. As a result, it is insufficient for [obligee] merely to intend to bind [the alleged guarantor]; such an intention must be clearly manifested." YearlingProperties, Inc. v. Tedder, supra, at 54.
 {¶ 31} We agree with the trial court that the document Krouse signed did not clearly and unambiguously express an intention to bind him to guarantee unpaid rental payments by Baumann in a subsequent oral lease entered into between her and Chateau Estates. The nature of Krouse's relationship to the Rental Application is confusing in the extreme. One plausible interpretation is that he is identified as the current owner of the mobile home that was going to be placed on the lot, and that by his signature on the rental application (which did not constitute an offer to enter into a lease agreement, since it did not contain such fundamental terms as the description of the property to be leased, the term of the lease, or the amount of rent), Krouse was merely undertaking to authorize the release of information about him, pursuant to the sentence appearing in all capital letters immediately above his signature.
 {¶ 32} In any event, we agree with the trial court that the provisions in the document that Krouse signed did not clearly and unambiguously bind him as a guarantor of Baumann's rental payments under an oral lease agreement subsequently entered into.
 {¶ 33} Chateau Estates' sole Assignment of Error is overruled.
 III {¶ 34} Chateau Estates' sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
Brogan, P.J., and Wolff, JJ., concur.