[Cite as *Whichard v. Matthews*, 2013-Ohio-1892.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98689

## ANGELA WHICHARD

PLAINTIFF-APPELLEE

vs.

## C. JAY MATTHEWS, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-734501

**BEFORE:**    Boyle, P.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   May 9, 2013

**ATTORNEYS FOR APPELLANTS**

T. Christopher O'Connell
Michael R. Stavnicky
Singerman, Mills, Desberg & Kauntz
3333 Richmond Road
Suite 370
Beachwood, Ohio   44122

**ATTORNEY FOR APPELLEE**

Michael K. Webster
800 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendants, C. Jay Matthews, James M. Talton, and Kingdom Resource Centers, L.L.C. ("Kingdom") (collectively "defendants"), appeal from a trial court's judgment granting summary judgment to plaintiff, Angela Whichard. Defendants raise three assignments of error for our review:

> 1. The trial court erred when it granted summary judgment in favor of plaintiff despite the fact that plaintiff failed to meet her burden.
>
> 2. The trial court erred when it found that past consideration was sufficient consideration to support a purported promissory note.
>
> 3. The trial court erred when it found individual defendants James Talton and C. Jay Matthews personally liable on a purported promissory note.

{¶2} Finding no merit to their appeal, we affirm.

### Procedural History and Factual Background

{¶3} In August 2010, Angela Whichard filed a complaint against defendants, alleging that they were in default on a promissory note ("Note") that they executed on October 8, 2008. Angela Whichard alleged that in the Note, defendants jointly and severally promised to pay her $118,000, plus interest at 12 percent per annum, "compounded monthly," in the event they failed to make timely payment on or before November 16, 2008.

{¶4} Defendants answered, asserting lack of consideration, no meeting of the minds, mutual and unilateral mistake of the parties, the doctrine of impracticability, and failure of a condition precedent.

**{¶5}** Angela Whichard moved for summary judgment. In her summary judgment motion, Angela Whichard attached Haywood Whichard's affidavit. Haywood averred that he had "actual knowledge of the facts and statements made" in the affidavit. He stated that he was an agent of Randall Park Mall, L.L.C., and his duties included "management of the business and contract negotiations." Haywood explained that he negotiated a sale of real property to Kingdom. The property was identified in the affidavit as "Randall Park Mall." Randall Park Mall, L.L.C. owned the subject property, but Don Powers Investments, L.L.C., was the seller of the property. Haywood identified the purchase agreement for such sale as exhibit A, which was attached to his affidavit.[1]

**{¶6}** Haywood further explained that pursuant to addendum A of the purchase agreement, Kingdom took immediate possession of the property upon executing the purchase agreement. Further, the purchase agreement specified that "Kingdom was to close on the purchase of the property on or before September 16, 2008."

**{¶7}** Haywood averred that "[a]s the closing date approached, Kingdom, by and through its representative C. Jay Matthews, indicated" that it needed additional time to close, but that it wished to maintain possession of the property. According to Haywood, Randall Park, L.L.C. agreed to grant Kingdom additional time and permit it to maintain possession, "in return for executing a promissory note in favor of Angela Whichard as designated by Randall Park Mall, L.L.C." Haywood further averred that C. Jay Matthews and James Talton agreed to be personally liable on the Note.

---

[1] The purchase agreement also identifies Kenneth Whichard as a seller.

**{¶8}** Haywood explained that "by way of verbal agreement, Kingdom's granting of the promissory note to Angela Whichard provided Kingdom with the option to purchase the property according to the terms of the purchase agreement by November 16, 2008." Further, "per oral agreement among the contracting parties, Randall Park Mall, L.L.C., agreed not to enter into any agreement to sell the property to third parties while the Kingdom's option was pending."

**{¶9}** Angela Whichard also attached her own affidavit to her summary judgment motion. She averred that she had "actual knowledge of the facts and statements" made in the affidavit. She stated that she was a member of Randall Park Mall, L.L.C., which owned the property that was the subject of a purchase agreement dated June 18, 2008. She explained that she holds a mortgage on the property, in the amount of $2 million. She attached a copy of the mortgage to her affidavit, identifying it as exhibit B-1.

**{¶10}** Angela averred that when Kingdom indicated it needed more time to close on the purchase agreement, Don Powers Investments, L.L.C. and Randall Park Mall, L.L.C. agreed to grant Kingdom additional time, "in return for a promissory note in the amount of $118,000 dated October 8, 2008, (the 'Note') and guaranteed individually by C. Jay Matthews and James Talton." Angela identified the Note as exhibit B-2, and attached it to her affidavit.

**{¶11}** Angela explained that "the Note secured an option for Kingdom to close on the property on or before November 16, 2008," and "as additional consideration for the Note, Kingdom was permitted to continue its possession of the Mall." Further, she

averred that "Randall Park Mall, L.L.C. agreed not to enter into any contracts with third parties for the sale of the property on or before November 16, 2008." Angela stated that "neither Kingdom, nor C. Jay Matthews or James Talton," made any payment toward the Note.

{¶12} Pursuant to the Note, C. Jay Matthews, James Talton, and Kingdom (collectively referred to as "Makers" in the Note) "jointly and severally promised to pay Angela Whichard $118,000 on or before November 16, 2008." The Note further specifies that "[p]ayment on this Note shall be applied, at closing, to the purchase price of certain real property known as Randall Park Mall * * *, which [Kingdom] has agreed to purchase as represented in a Sales Agreement dated June 18, 2008."

{¶13} The Note further states that if Kingdom failed to close on the purchase of the property, "Makers shall remain obligated to make payment on this Note." Pursuant to the Note, "in the event Makers fail to make timely payment, then interest shall accrue at a rate of twelve percent (12%) per annum, compounded monthly." The Note further specified that "in the event of commencement of an action, Makers agree to pay attorney's fees as the court may adjudge reasonable." James Talton signed for Kingdom on one line, and "individually" on another line. C. Jay Matthews signed "individually."

{¶14} Defendants opposed Angela Whichard's motion and filed a cross- motion for summary judgment. Defendants did not attach any affidavits to their opposition brief or their cross-motion for summary judgment. They did attach unsworn email

communications, an unsworn copy of the purchase agreement, and unsworn documents from the Ohio secretary of state.

{¶15} The trial court granted summary judgment in favor of Angela Whichard and denied defendants' summary judgment motion. Defendants appealed.

## Standard of Review

{¶16} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Cty. Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶17} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that

(1) no genuine issue as to any material fact remains to be litigated,

(2) the moving party is entitled to judgment as a matter of law, and

(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶18} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary

judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶19} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Id.*; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

### Moving Party's Burden under Civ.R. 56(C)

{¶20} In their first assignment of error, defendants argue that the trial court erred by granting summary judgment to Angela Whichard because she failed to meet her burden under Civ.R. 56(C). Defendants first contend that Whichard "failed to present a properly authenticated promissory note which forms the basis of her entire claim."

{¶21} A party moving for summary judgment meets its initial burden by presenting or identifying appropriate evidentiary materials in support of the essential elements of its own claim. *See Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 13, 18.

{¶22} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). The court may consider documents that are not expressly mentioned in Civ.R. 56(C) provided that such documents are accompanied by a personal certification that it is genuine and incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Drawl v. Cornicelli*, 124 Ohio App.3d 562, 569, 706 N.E.2d 849 (11th Dist.1997), citing *Martin v. Cent. Ohio Trans. Auth.*, 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (10th Dist.1990). Such authentication is a condition precedent to admissibility. Evid.R. 901.

{¶23} Specifically, Civ.R. 56(E) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

{¶24} "Personal knowledge" has been defined as "'[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.'" *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26, quoting *Black's Law Dictionary* (7th Ed.1999). In *Target Natl. Bank v. Enos*, 9th Dist. No. 25268, 2010-Ohio-6307, ¶ 10, the court explained:

> [The] mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts would be required.

(Citations omitted.)

{¶25} After review, we conclude that in her affidavit, Angela Whichard properly authenticated the Note based on her personal knowledge. She averred that she had "actual knowledge of the facts and statements" in her affidavit. She explained that she was a "member" of Randall Park Mall, L.L.C., and that Randall Park Mall, L.L.C. owned the property at issue. She explained that she holds a mortgage on the subject property in the amount of $2 million. Further, she attached the Note to her affidavit and incorporated it into her affidavit by reference, identifying the Note by its exhibit number. Thus, we conclude that Angela Whichard attached a properly authenticated affidavit and promissory note to her summary judgment motion.

{¶26} Defendants next argue that Angela Whichard failed to meet her burden because Haywood Whichard's affidavit, attached to Angela Whichard's summary judgment motion, contained inadmissible hearsay. Specifically, defendants contend that the following averments in Haywood Whichard's affidavit were hearsay as either statements or nonverbal conduct:

> 7. As the closing date approached, Kingdom, by and through its representative C. Jay Matthews, indicated that it would need additional time to close on the purchase agreement, but that it desired to proceed to closing at a later date while maintaining possession of the property.
>
> * * *
>
> 9. By way of verbal agreement, Kingdom's granting of the promissory note to Angela Whichard provided Kingdom with an option to purchase the property according to the terms of the purchase agreement by November 16,

2008. The promissory note acted as consideration for Randall Park Mall, L.L.C. granting Kingdom the option.

10. Per oral agreement among the contracting parties, Randall Park Mall, L.L.C. agreed not to enter into any agreements to sell the property to third parties while the Kingdom's option was pending.

**{¶27}** Absent an exception, hearsay may not be considered in a motion for summary judgment. *Johnson v. Southview Hosp.*, 2d Dist. No, 25049, 2012-Ohio-4974, ¶ 20, citing *Knoth v. Prime Time Marketing Mgt., Inc.*, 2d Dist No. 20021, 2004-Ohio-2426, ¶ 13 ("It is fundamental that the evidence offered by affidavit in support of or in opposition to a motion for summary judgment must also be admissible at trial, albeit in different form, in order for the court to rely on it.").

**{¶28}** Evid.R. 801(C) defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A "statement," as included in the definition of hearsay, is an oral or written assertion or nonverbal conduct of a person if that conduct is intended by him as an assertion. Evid.R. 801(A).

**{¶29}** Haywood's statements in paragraphs nine and ten are not hearsay as there is no statement or nonverbal conduct that amounts to hearsay. The averments are simply Haywood's memory of the events surrounding the Note from his personal knowledge. To the extent that paragraph seven may contain hearsay, we find any consideration of it by the trial court to be harmless. Although paragraph seven provides background information, the Note itself references the June 18, 2008 purchase agreement that

Haywood Whichard avers in his affidavit that C. Jay Matthews was purportedly referring to ("C. Jay Matthews "indicated * * *").

**{¶30}** Accordingly, defendants' first assignment of error is overruled.

<u>Consideration</u>

**{¶31}** In their second assignment of error, defendants argue that the trial court erred by granting summary judgment to Angela Whichard because "there was absolutely no consideration to support the Note."

**{¶32}** Consideration need not "necessarily be recited or expressed in writing; instead, the consideration may be proved by parol evidence or may be inferred from the terms and obvious import of the contract." *Harvest Land Co-op, Inc. v. Hora*, 2d Dist. No. 25068, 2012-Ohio-5915, ¶ 14, citing 17 Ohio Jurisprudence 3d, Contracts, Section 40. For promissory notes, consideration is presumed and "continues until it is shown that there was none; and the burden of showing this is on the party attacking the note for want of consideration." *Id.* at ¶ 16, citing *Dalrymple v. Wyker*, 60 Ohio St. 108, 53 N.E. 713 (1899). Thus, the burden was on defendants to show that the note lacked sufficient consideration.

**{¶33}** Here, Angela Whichard provided an authenticated copy of the Note attached to her summary judgment motion. She did not have to prove consideration as it is presumed. Defendants had the burden to rebut the presumption of consideration. They failed to meet that burden.

{¶34} Defendants did not attach any evidence that meets the requirements of Civ.R. 56(C) and (E) to their opposition brief and cross-motion for summary judgment. Although they attached unsworn copies of emails, an unsworn document from the Ohio secretary of state, and unsworn copies of unsigned purchase agreements, these were not sufficient to overcome their burden for summary judgment or rebutting the presumption of consideration.

{¶35} The trial court, in its discretion, elected to consider the unsworn document from the Ohio secretary of state (showing that Don Powers Investment, L.L.C. was not incorporated at the time Kingdom executed the purchase agreement). But the trial court elected not to consider the other evidence because they were not "authenticated as genuine copies of what they said they [were] and even if identified and authenticated, no hearsay exception [was] apparent to convert them into substantive evidence." Regarding the fact that Don Powers Investment, L.L.C. was not yet incorporated, this did not affect the validity of the purchase agreement. We note, however, that the purchase agreement is not at issue in this case. Whichard is attempting to enforce the Note, not the purchase agreement.

{¶36} Through her affidavit, Angela Whichard explained that "the Note secured an option for Kingdom to close on the property on or before November 16, 2008," as specified in the previous purchase agreement. She further averred "[a]s additional consideration for the Note, Kingdom was permitted to continue its possession of the Mall."

**{¶37}** Defendants argue that "any right to possession" had already been provided to Kingdom in the original purchase agreement. We disagree. Any right to possession that Kingdom had pursuant to the purchase agreement would have expired upon their breach of the purchase agreement. Thus, this was not "past consideration."

**{¶38}** Defendant further argues that the "option agreement" does not comply with the statute of frauds because it is not written. We need not address this issue, however, because defendants did not raise this issue with the trial court. *See Gilchrist v. Saxon Mtge. Servs.*, 10th Dist. No. 12AP-556, 2013-Ohio-949, ¶ 22 (an issue not raised in the trial court is waived for purposes of appeal); *Ratcliff v. Darby*, 4th Dist. No. 02CA2832, 2002-Ohio-6626, ¶ 18 (issues raised for the first time on appeal will not be considered). In their brief in opposition and cross-motion for summary judgment, they did argue that the purchase agreement was not valid because it did not satisfy the statute of frauds. But as we stated previously, the purchase agreement is not at issue in this case; it is the Note that is at issue.

**{¶39}** Accordingly, defendants' second assignment of error is overruled.

<u>Personal Liability</u>

**{¶40}** In their third assignment of error, defendants maintain that the trial court erred by finding Talton and Matthews personally liable on the Note.

**{¶41}** It is well established in Ohio law that a guarantor is only bound by the precise words of his contract. *Heritage Bank, Inc., v. Barclay*, 1st Dist. No. C-950476, 1996 Ohio App. LEXIS 1597 (Apr. 24, 1996), citing *Yearling Properties, Inc. v. Tedder*,

53 Ohio App.3d 52, 557 N.E.2d 1231 (10th Dist.1988). Officers of a corporation will not be held individually liable on contracts entered into on behalf of the corporation unless they bind themselves individually. *Hommel v. Micco*, 76 Ohio App.3d 690, 602 N.E.2d 1259 (11th Dist.1991); *Centennial Ins. Co. of N.Y. v. Vic Tanny Internatl. of Toledo, Inc.*, 46 Ohio App.2d 137, 346 N.E.2d 330 (6th Dist.1975).

**{¶42}** In this case, the Note specifies that Kingdom, Talton, and Matthews are "jointly and severally" liable on the Note. Further, Talton signed "for Kingdom Resource Centers, L.L.C.," on one line, and signed below that on another line as "James M. Talton, Individually." Matthews signed as "C. Jay Matthews, Individually." Thus, there is no genuine issue of material fact regarding whether Matthews and Talton were personally liable; they clearly were.

**{¶43}** Accordingly, defendants' third assignment of error is overruled.

**{¶44}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR