McGOWAN, APPELLEE, *v.* DM GROUP IX, D.B.A. ABBEY LANE APARTMENTS, ET AL., APPELLANTS.

(No. 82AP-402—Decided September 30, 1982.)

*Mr. Jeffrey L. McClelland,* for appellee.

*Messrs. Baker & Hostetler, Mr. Jeffrey E. Fromson* and *Mr. David Greenham,* for appellants.

WHITESIDE, P.J. Defendants appeal from a judgment of the Franklin County Municipal Court and raise five assignments of error, as follows:

"The decision of the Municipal Court of Franklin County, Ohio is contrary to law and against the manifest weight of the evidence by holding that:

"1. 'The deduction of a "re-rent fee" of $150 is improper as same is not either past due rent or damages suffered by the defendants (Landlord) by reason of plaintiff's (tenant's) failure to comply with his obligations under Section 5321.05, Ohio Revised Code, which are the deductions allowed from the security deposit by virtue of Section 5321.16, Ohio Revised Code';

"2. 'The re-rent fee of $150 is not justified as liquidated damages as the defendants' (Landlord's) damages in this case would be readily discernible, there is no evidence of damages suffered by defendants (Landlord), and a deduction of liquidated damages from the security deposit is inconsistent with Section 5321.16, Ohio Revised Code';

"3. 'The requirement in the written Rental Agreement between these parties, a document prepared by defendants (Landlord), placing an affirmative duty on plaintiff to notify in writing defendants (Landlord) thirty (30) days in advance of his intention to vacate the premises at the expiration of the term, failing which he would be deemed a holdover tenant obligated to defendants (Landlord), is unconscionable pursuant to Section 5321.14, Ohio Revised Code';

"4. 'The deduction of $138 from Plaintiff's (Tenant's) security deposit as rent from January, 1981 to January 23, 1981, accordingly, is improper'; and

"5. Tenant is entitled, as a matter of law, to return of his security deposit in the amount of $194, damages in an amount equal to the amount withheld, interest, costs and attorney's fees."

Defendants, as landlord, and plaintiff, as tenant, entered into a written six-month lease for a term commencing July 1 and ending December 31, 1980. The lease provided for an automatic month-to-month tenancy, unless thirty days' written notice was given prior to the expiration of the original term. In addition, Paragraph 19 of the lease contains a provision that, in case of default by the tenant and a reletting of the premises "for the remainder of the term hereunder," the tenant is required to pay "the sum of $150.00 as liquidated damages to cover the administrative, advertising and bookkeeping costs of reletting the premises." The lease also called for a security deposit in the amount of $194.

Plaintiff had leased the premises for his mother, who occupied the premises only approximately ten days. Plaintiff, who did not need the premises himself, notified defendants and was given an option to prepay all rent for the term of the lease, but he chose instead to pay the monthly rent as it became due and was told by defendants that no effort would be made to re-rent the apartment. Plaintiff made some effort to obtain a sublessee and did find occupants for the last two months of the original term of the lease. On the last day of the term, plaintiff returned the apartment keys to defendants' rental office, together with his forwarding address. Defendants obtained a new tenant for the apartment as of January 23, 1981. Accordingly, in early February 1981, plaintiff received a statement with respect to the security deposit, indicating a deduction of $150 for the "re-rent fee" and $138 for rent from January 1 to January 23, 1981, and demanding that plaintiff pay an additional $94. Plaintiff thereupon brought this action seeking to recover his security deposit, statutory damages and attorney fees. The trial court made findings in favor of plaintiff and awarded judgment in the total amount of $1,038, including damages and attorney fees. The trial court specifically found that the deduction of the re-rent fee of $150 is inconsistent with R.C. 5321.16, that the re-rent fee in this case constitutes a penalty, rather than liquidated damages, that the agreement between the parties terminated on December 31, 1980, and that the provision of the rental agreement requiring thirty-days' written notice of intent to vacate is unconscionable and unenforceable.

Defendants' assignments of error essentially consist of contending that five of the conclusions of law of the trial court are both contrary to law and against the manifest weight of the evidence.

As to the first of these, it is immaterial as to whether a "re-rent fee" can ever qualify for deduction from a security deposit in accordance with R.C. 5321.16, inasmuch as the agreement itself provides that it will not constitute damages within the contemplation of R.C. 5321.16. Paragraph 19 of the rental agreement first requires that, if the tenant (resident) defaults, the landlord may terminate the tenancy and relet the premises for the remainder of the term, requiring the tenant "to make good any deficiency" in the amount of rent and to "be liable for all

damages to the premises, costs incurred by Owner in connection with reletting the premises, including, but not limited to, painting and cleaning charges, and any other sums due and payable * * * under the terms hereof." The $150 "liquidated damages" cover only "administrative, advertising and bookkeeping costs of reletting the premises." Quite clearly and obviously, at the termination of the rental agreement whenever it would be, there would be such costs. Also, it is doubtful that they would not be easily ascertainable. These are distinguished from damages within the contemplation of R.C. 5321.16, which Paragraph 19 would require the tenant to pay in addition to the re-rent fee.

In addition, under the circumstances of this case, the $150 re-rent fee can be nothing other than a penalty. The so-called re-rent fee is payable only if the landlord "relets the premises for the remainder of the term." Here, viewing the matter most favorably for defendants, we are dealing with a month-to-month tenancy, the term being one month and the rental being $194. It is readily apparent that charging a fee of $150 for administrative costs under such circumstances is completely unreasonable and can bear no reasonable relationship to any reasonably anticipated expenses of the landlord, who would in any event have the same expenses at the end of the thirty-day period. In fact, the expenses involved are not required to be additional expenses to the landlord but include administrative and bookkeeping costs, which presumably are fixed costs and easily ascertainable. The advertising costs of course are ascertainable.

The trial court did err in finding unconscionable the provision of the rental agreement placing an affirmative duty upon the tenant to give thirty-days' written notice prior to expiration of the term of his intent to vacate the premises. It is not unconscionable to require such notice or to provide that there shall be a month-

to-month tenancy if such notice not be given. Such provision is consistent with R.C. 5321.17(B) with respect to month-to-month tenancies and has the effect of making the last month of the term also the first month of the month-to-month tenancy. No authority has been cited, and no logical basis asserted, for finding such a provision unconscionable. While the trial court erred in this regard, we find no prejudice to defendants under the circumstances of this case.

Defendants have not directly challenged the finding of the trial court that the term of the written rental agreement expired December 31, 1980. In other words, the trial court found as a matter of law that the tenancy terminated on December 31, 1980. Such conclusion is supported by the evidence.

As noted previously, the rental agreement required thirty-days' written notice of intent to vacate. While the notice was not written, the evidence is replete with indication of notice to defendants of plaintiff's intention to vacate the premises as soon as he was legally entitled to do so without further obligation for rent.

Defendants have presented no evidence in support of their contentions, but, instead, rely solely upon plaintiff's admission that the notice that he gave repeatedly to defendants was not in writing and, therefore, not in technical compliance with the lease. There is no evidence, however, that defendants were not fully aware that plaintiff intended to vacate the premises as soon as he could. In fact, the premises remained vacant during most of the tenancy. In other words, the only reasonable conclusion from the evidence in this case is that defendants had full knowledge of plaintiff's intention to vacate the premises at the end of the original rental term for several months prior to the end of that term. As indicated by uncontroverted testimony from plaintiff, not only did he repeatedly tell defendants that he wanted to terminate the

tenancy as soon as possible but he also attempted to find a new tenant for them.

The purpose of requiring written notice is not to be hypertechnical but, instead, to create certainty. Here, defendants were aware for several months of plaintiff's intent to terminate the tenancy as soon as possible. In fact, plaintiff testified that his payment of rent for the entire term was necessitated by defendants' refusal to make any effort to rerent the premises earlier. At no time is there any indication that defendants advised plaintiff that they were going to insist upon written notice or a new month-to-month tenancy. To require same under the circumstances of this case would be unconscionable, even though the provision of the lease itself is not unconscionable. Rather, it is the action of defendants under the peculiar circumstances of this case which is unconscionable. There was clearly knowledge on the part of defendants of plaintiff's intent to vacate, and defendants were not prevented or delayed in finding a new tenant at the end of the term. In short, additional written notice would have served no purpose in this case. Defendants have attempted to take advantage of a hypertechnical construction and application of the lease agreement. The trial court did not err under these circumstances in finding that the lease had terminated at the end of the term, and, accordingly, that defendants were not entitled to collect rent from plaintiff after December 31, 1980.

Rather than the findings of the trial court being against the manifest weight of the evidence, the overwhelming weight of the evidence requires a factual finding that, pursuant to actual notice received by defendants from plaintiff, even though not written, there was substantial compliance with the lease terms, and the lease finally terminated on December 31, 1980, no holdover month-to-month tenancy being created because of such actual notice and substantial compliance.

Accordingly, for these reasons, the assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

REILLY and MOYER, JJ., concur.