OPINION
{¶ 1} Plaintiff-appellant, Paul Hackman, appeals from a judgment of the Franklin County Municipal Court that found defendant-appellee, Jeffrey Szczygiel, did not breach his lease agreement with plaintiff. Because plaintiff received actual notice of defendant's intention not to renew his lease agreement with plaintiff, we affirm.
 {¶ 2} Pursuant to a residential lease between plaintiff and defendant, defendant agreed to pay plaintiff $1,150 per month from February 1, 2003 until January 31, 2004 to rent the southwest first floor unit of the building located at 1199 Franklin Avenue ("apartment"). The lease contained an automatic renewal clause that stated:
This lease will automatically renew for another term of the same length and rate plus 10% if notice of non-renewal is not received 120 days before end of term by certified USPS mail. A second renewal may occur with the same conditions without rate increase.
 {¶ 3} According to defendant, throughout the duration of the lease he was generally dissatisfied with the apartment's living conditions and his experiences with plaintiff. Defendant testified he repeatedly told plaintiff he intended to move out of the apartment at the end of the one-year lease and even memorialized his intentions in writing. Defendant, however, admits he did not send plaintiff certified mail notice 120 days before the end of the lease term or otherwise submit evidence of a writing, delivered to plaintiff, expressing his intention not to renew his lease. When directly asked whether defendant repeatedly notified plaintiff, plaintiff responded, "I don't know. I — I have tenants notify me by certified mail if they're going to move so that everyone has it in black and white." (Tr. 33.) Defendant occupied the apartment until June 2004, and paid $1,150 a month through May 2004.
 {¶ 4} On December 30, 2004, plaintiff filed a complaint against defendant alleging breach of the lease agreement. Plaintiff contended that because defendant failed to timely notify plaintiff of his intention not to renew the lease, the lease automatically renewed for another year pursuant to the terms of the lease. According to the complaint, defendant breached the lease by failing to pay rent from June 2004 through December 2004. Defendant, appearing pro se, filed an answer denying the breach, but he failed to assert an affirmative defense or counterclaim.
 {¶ 5} After a bench trial, the court held that "plaintiff was given actual notice by the defendant that he did not intend to renew the term of the lease for another year." (Tr. 179.) The court concluded that when plaintiff accepted defendant's rental payments of $1,150 after January 31, 2004, the lease converted into a month-to-month agreement without the ten percent rental increase. The trial court thus awarded plaintiff damages for the unpaid June 2004 rent and miscellaneous repairs to the apartment. Plaintiff appeals, assigning two errors:
[I.] The Trial Court's determination that Defendants-Appellees had given Plaintiff-Appellant sufficient and proper notice of Appellees' intention to not renew the lease entered into by Appellant and Appellees was erroneous as a matter of law.
[II.] The Trial Court's determination that Plaintiff-Appellant had waived the automatic renewal provision of the lease entered into by Appellant and Defendants-Appellees was erroneous as a matter of law.
I. First Assignment of Error
 {¶ 6} Plaintiff's first assignment of error contends the trial court erred by finding defendant sufficiently notified plaintiff that defendant did not intend to renew the lease. The construction of contracts is a matter of law reviewed by a court de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108, citing Ohio Bell Tel. Co. v.Pub. Util. Comm. (1992), 64 Ohio St.3d 145.
 {¶ 7} The principal goal in construing contract language is to effectuate the parties' intent. In re All Kelley FerraroAsbestos Cases, 104 Ohio St.3d 605, 2004-Ohio-7104, at ¶ 29;Employers' Liability Assurance Corp. v. Roehm (1919),99 Ohio St. 343, syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, at paragraph one of the syllabus. When the parties' agreement is integrated into an unambiguous, written contract, courts generally should give effect to the plain meaning of the parties' expressed intentions. Aultman Hosp. Assn. v. CommunityMut. Ins. Co. (1989), 46 Ohio St.3d 51, syllabus.
 {¶ 8} Nonetheless in some circumstances, courts will not enforce contractual provisions. This court found that strict enforcement of contractual language requiring written notice of an intent not to renew a lease agreement can be both hypertechnical and unconscionable. McGowan v. DM Group IX
(1982), 7 Ohio App.3d 349. As the court explained, "[t]he purpose of requiring written notice is not to be hypertechnical but, instead, to create certainty." Id. at 352.
 {¶ 9} In McGowan, the rental agreement automatically renewed unless the tenant gave 30 days written notice of his intent to vacate. Although the tenant did not provide written notice, the evidence in McGowan was replete with oral notice to the landlord of the tenant's intent to vacate the premises as soon as the tenant could do so without further obligation for rent. Id. at 351. In response to the tenant's evidence, the landlord presented no evidence indicating he was not fully aware that the tenant intended to vacate the premises but, instead, relied solely upon the tenant's admission that the notice he repeatedly gave to the landlord was not in writing and, therefore, not in technical compliance with the lease. Id.
 {¶ 10} McGowan determined the only reasonable conclusion from the evidence was that the landlord, for several months prior to the end of the lease term, had full knowledge of the tenant's intention to vacate the premises at the end of the original rental period. Id. The court concluded that under these circumstances, "additional written notice would have served no purpose in this case." Id. at 352.
 {¶ 11} Here, the apartment lease states that it will "automatically renew for another term of the same length and rate plus 10% if notice of non-renewal is not received 120 days before the end of term by certified USPS mail." Although the renewal clause, as in McGowan, clearly and unambiguously expresses the manner in which defendant was to communicate his intention not to renew the lease, the evidence in this case, as in McGowan, is replete with testimony that defendant timely and orally notified plaintiff of his intention not to renew the lease at the expiration of its original term. Because plaintiff did not contest defendant's testimony or offer any evidence to demonstrate that he was not fully aware of defendant's stated intention, we can find no error in the trial court's conclusion that, while the notice was not in technical compliance with the renewal clause, plaintiff had actual knowledge of defendant's intention not to renew the lease. "To require further written notice would be both hypertechnical and unconscionable."McGowan, at 349. Accordingly, we overrule plaintiff's first assignment of error.
II. Second Assignment of Error
 {¶ 12} Plaintiff's second assignment of error contends the trial court erred when it found plaintiff waived the renewal clause by accepting defendant's rent from February 2004 through May 2004 without collecting the ten percent increase described in the renewal clause. Having found defendant substantially notified plaintiff of his intention not to renew the lease in accordance with the renewal clause, the ten percent increase described in the renewal clause does not apply to plaintiff's rental payments from February 2004 through May 2004. Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 13} Having overruled plaintiff's two assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
Petree and Bowman, JJ., concur.
BOWMAN, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.