OPINION
{¶ 1} Plaintiffs-appellants, Adam Adair and Giuliana Farje ("appellants"), appeal from the judgment of the Franklin County Municipal Court denying their motion for summary judgment and granting summary judgment in favor of defendant-appellee, Landis Properties, Inc. ("appellee").
 {¶ 2} Appellants entered into a three-month lease, beginning December 1, 2006, for a partially furnished apartment at 2074C Wendy's Drive, Columbus, Ohio. The lease was prepared by JPC of Columbus. In January 2007, the apartment complex was sold to appellee who informed tenants that all rights and obligations were assigned to appellee. *Page 2 
Appellants moved out of the apartment on February 28, 2007, and a dispute arose over the $650 security deposit. Appellee refused to return the security deposit alleging appellants failed to give 30-days' written notice of their intention to vacate as required by the lease agreement. According to appellee, because appellants failed to give 30-days' written notice to vacate, the lease was converted into a month-to-month tenancy, obligating appellants to pay rent for the following month, which was March 2007. Rent for that month was not paid, and, therefore, appellee applied the security deposit to the March 2007 rent. Appellants were given a written explanation and an itemization of the application of the deposit.
 {¶ 3} This action was filed by appellants on June 20, 2007, pursuant to R.C. 5321.16(C), for return of the security deposit and statutory damages. Both parties filed motions for summary judgment. On January 18, 2008, the trial court issued a decision denying appellants' motion for summary judgment and granting appellee's motion for summary judgment. This appeal followed.
 {¶ 4} On appeal, appellants bring the following three assignments of error for our review:
 ASSIGNMENT OF ERROR NO. 1
 The trial court erred in granting summary judgment for Defendant when it determined that Plaintiffs' lease was "crystal clear and unambiguous as to the requirement that Plaintiffs notify lessor, in writing, at least thirty days prior to the normal expiration of the term of the lease" of Plaintiffs' intent to vacate their residential apartment.
 ASSIGNMENT OF ERROR NO. 2
 The trial court erred in granting summary judgment for Defendant because Defendant had actual knowledge of *Page 3 
Plaintiffs' intention to vacate the premises at the end of their lease, and to require further written notice would be hypertechnical and unconscionable.
 ASSIGNMENT OF ERROR NO. 3
 The trial court erred when it did not grant Plaintiffs' motion for summary judgment, since Plaintiffs' lease is ambiguous, and all parol evidence in the case record supports Plaintiffs' understanding of the terms of the lease.
 {¶ 5} This matter was decided in the trial court by summary judgment, which under Civ. R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion.Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621,629, citing Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ. R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
 {¶ 6} An appellate court's review of summary judgment is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Patsy Bard v. Society Nat. Bank, nka KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v. ShellyCo. (1995), 106 Ohio App.3d 440, 445. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if *Page 4 
the trial court failed to consider those grounds. See Dresher, supra;Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 7} Because they are interrelated, appellant's first and third assignments of error will be addressed together. In the first assignment of error, appellants contend the trial court erred in finding the lease agreement was unambiguous in its 30-day written notice requirement, and for this reason, appellants contend in the third assignment of error that summary judgment should have been granted in their favor.
 {¶ 8} The relevant portion of the lease provides in Heading 9:
 9. Notice of Intent to Surrender. Any other provision of this Lease Agreement to the contrary notwithstanding, at least thirty (30) days prior to the normal expiration of the term of this Lease Agreement as noted under the heading TERM OF LEASE above, Lessee shall give written notice to Lessor of Lessee's intention to surrender the residence at the expiration of the Lease term. If said written notice is not timely given, the Lessee shall become a month-to-month tenant as defined by applicable Ohio law, and all provisions of this Lease will remain in full force and effect, unless this Lease is extended or renewed for a specific term by written agreement of Lessor and Lessee.
 {¶ 9} Despite this provision, appellants contend their lease did not require them to provide at least 30-days' advance notice of their intent to surrender the apartment, because this provision is ambiguous on its face. Appellants contend Heading 9 is ambiguous because it refers to a "TERM OF LEASE" heading, which does not appear elsewhere in the lease. Therefore, because there is no "TERM OF LEASE" containing a lease term, appellants assert there essentially is no date to determine the point from which a 30-day notice is required. Appellants also direct our attention to other alleged *Page 5 
ambiguities in the lease in an attempt to establish the need for the admission of parol evidence.
 {¶ 10} However, as appellee points out, though there is not a "TERM OF LEASE" heading, the lease term is clearly ascertainable and is set forth in Heading 4, which reads in part:
 4. Rent Payments: Lessee(s) agree to pay as rent for said premises the total sum of $1950.00 (Three Months Lease) unto the Lessor during the term of this Lease in equal monthly installments of $650, said installment for each month being due and payable on or before the 1st day of the month, the first full rental payment under this Lease being due on the 1st day of December, 2006.
 {¶ 11} We, like the trial court, find no ambiguity in the lease provisions at issue. The lease clearly provides that a 30-day written notice of intent to surrender is required prior to the expiration of the lease, or a month-to-month tenancy will result. The lease also unambiguously provides for a three-month original term. As a result, there is nothing ambiguous regarding when and how the 30-day notice of intent to surrender the premises is to be communicated. Accordingly, appellant's first and third assignments of error are overruled.
 {¶ 12} In the second assignment of error, appellants contend the trial court erred in granting summary judgment to appellee because appellee had actual knowledge of appellants' intent to vacate the premises at the end of their lease term. A similar scenario was encountered by this court in McGowan v. DM Group IX (1982), 7 Ohio App.3d 349, wherein the plaintiff-tenant entered into a written six-month lease for a residential apartment. The lease provided for an automatic month-to-month tenancy unless 30-days' written notice was given prior to the expiration of the original term. The plaintiff leased the *Page 6 
premises to his mother, who stayed there only ten days. Efforts to sublet were successful for only the last two months of the lease term. At the expiration of the lease, the plaintiff surrendered the keys and left his forwarding address. A few months later, the plaintiff received a statement with respect to the security deposit indicating a deduction of a $150 re-rent fee, $138 rent, and a demand for an additional $94. Plaintiff filed suit for the return of the security deposit, damages and attorney fees.
 {¶ 13} The trial court made findings in favor of the plaintiff, and the defendant-landlord appealed, arguing the trial court's findings were against the manifest weight of the evidence. On appeal, this court stated:
 As noted previously, the rental agreement required thirty-days' written notice of intent to vacate. While the notice was not written, the evidence is replete with indication of notice to defendants of plaintiff's intention to vacate the premises as soon as he was legally entitled to do so without further obligation for rent.
 Defendants have presented no evidence in support of their contentions, but, instead, rely solely upon plaintiff's admission that the notice that he gave repeatedly to defendants was not in writing and, therefore, not in technical compliance with the lease. There is no evidence, however, that defendants were not fully aware that plaintiff intended to vacate the premises as soon as he could. In fact, the premises remained vacant during most of the tenancy. In other words, the only reasonable conclusion from the evidence in this case is that defendants had full knowledge of plaintiff's intention to vacate the premises at the end of the original rental term for several months prior to the end of that term. As indicated by uncontroverted testimony from plaintiff, not only did he repeatedly tell defendants that he wanted to terminate the tenancy as soon as possible but he also attempted to find a new tenant for them.
 The purpose of requiring written notice is not to be hypertechnical but, instead, to create certainty. Here, defendants were aware for several months of plaintiff's intent *Page 7 
to terminate the tenancy as soon as possible. In fact, plaintiff testified that his payment of rent for the entire term was necessitated by defendants' refusal to make any effort to re-rent the premises earlier. At no time is there any indication that defendants advised plaintiff that they were going to insist upon written notice or a new month-to-month tenancy. To require same under the circumstances of this case would be unconscionable, even though the provision of the lease itself is not unconscionable. Rather, it is the action of defendants under the peculiar circumstances of this case which is unconscionable. There was clearly knowledge on the part of defendants of plaintiff's intent to vacate, and defendants were not prevented or delayed in finding a new tenant at the end of the term. In short, additional written notice would have served no purpose in this case. Defendants have attempted to take advantage of a hypertechnical construction and application of the lease agreement. The trial court did not err under these circumstances in finding that the lease had terminated at the end of the term, and, accordingly, that defendants were not entitled to collect rent from plaintiff after December 31, 1980.
 Rather than the findings of the trial court being against the manifest weight of the evidence, the overwhelming weight of the evidence requires a factual finding that, pursuant to actual notice received by defendants from plaintiff, even though not written, there was substantial compliance with the lease terms, and the lease finally terminated on December 31, 1980, no holdover month-to-month tenancy being created because of such actual notice and substantial compliance.
Id. at 351-352.
 {¶ 14} This proposition of substantial compliance was recently reiterated by this court in Hackman v. Szczygiel, Franklin App. No. 06AP-187, 2006-Ohio-5872. The lease in Hackman stated it would automatically renew for another term of the same length and rate, plus 10 percent, if notice of non-renewal was not received 120 days before the end of the term by certified USPS mail. The defendant-tenant admitted he did not send certified mail, nor did he provide other evidence of a writing delivered to the plaintiff-landlord, but the defendant testified he repeatedly told the plaintiff that he intended to *Page 8 
move out at the end of the lease term. Though the lease term expired in January, the defendant stayed until June. After a bench trial, the trial court found plaintiff was given actual notice of defendant's intent to move out and, when the plaintiff accepted the defendant's January rent payment, the lease converted to a month-to-month agreement. On appeal, relying on McGowan, this court stated:
 Here, the apartment lease states that it will "automatically renew for another term of the same length and rate plus 10% if notice of non-renewal is not received 120 days before the end of term by certified USPS mail." Although the renewal clause, as in McGowan, clearly and unambiguously expresses the manner in which defendant was to communicate his intention not to renew the lease, the evidence in this case, as in McGowan, is replete with testimony that defendant timely and orally notified plaintiff of his intention not to renew the lease at the expiration of its original term. Because plaintiff did not contest defendant's testimony or offer any evidence to demonstrate that he was not fully aware of defendant's stated intention, we can find no error in the trial court's conclusion that, while the notice was not in technical compliance with the renewal clause, plaintiff had actual knowledge of defendant's intention not to renew the lease. "To require further written notice would be both hypertechnical and unconscionable." McGowan, at 349. Accordingly, we overrule plaintiff's first assignment of error.
Id. at ¶ 11. See, also, Meadowbrook Dev. Corp. v. Roberts (Dec. 27, 2001), Cuyahoga App. No. 79747 (relying on McGowan and holding that where a tenant has timely substantially complied, but not in writing, with the lease provision, and the landlord has actual knowledge of the tenant's intent to vacate at the expiration of the lease term, to require further written notice would be both hypertechnical and unconscionable); Ballard v. KMG Investors, Ltd. Partnership (Aug. 3, 1993), Union App. No. 14-93-5 (the issue is whether the tenant substantially complied with the vacating upon termination provision of the lease); Hofer v. Cooper (Mar. 17, 1989), Portage App. No. 1909 (though the notice of *Page 9 
intent to vacate was oral and not written, the tenant substantially complied with the lease's notice provisions and no further notice was required).
 {¶ 15} The matter before us, however, was decided by summary judgment pursuant to Civ. R. 56. As such, we conduct an independent review of the record and stand in the shoes of the trial court. Jones, supra. We must look at the record as it existed before the trial court at the time the summary judgment motions were pending. Essentially, the evidence pertaining to the appellants' notice, or lack thereof, of intent to surrender the premises consists of two affidavits, that of Gloria Fenton, rental manager for the apartment complex, and that of appellant Adam Adair.
 {¶ 16} Ms. Fenton's affidavit filed in support of appellee's motion for summary judgment states she personally inquired of appellants as to whether or not they were vacating the apartment at the end of the lease, and they informed her that they "did not know if they were going to vacate and had not yet made up their minds." (Fenton Affidavit at 2.) However, filed in support of the memorandum contra to appellee's motion for summary judgment was the affidavit of appellant Adair. In his affidavit, appellant Adair states that in mid-January he informed Ms. Fenton they would not be staying beyond the end of the lease because they found it too expensive. According to appellant Adair, Ms. Fenton called back a few days later and appellant Adair "told her again that [they] were not interested in remaining past February." (Adair Affidavit at 2.)
 {¶ 17} We are left with competing affidavits regarding whether appellants clearly informed appellee that appellants would be vacating the apartment at the expiration of the original lease, and if so, when appellants informed appellee of same. As such, we find there are genuine issues of material fact remaining as to whether or not there was *Page 10 
substantial compliance with the lease provisions at issue, which we have already determined to be unambiguous. Because we find a genuine issue of material fact exists, we conclude the trial court erred in granting appellee's motion for summary judgment. Accordingly, we sustain appellant's second assignment of error.
 {¶ 18} For the foregoing reasons, appellants' first and third assignments of error are overruled, appellant's second assignment of error is sustained, and the judgment of the Franklin County Municipal Court is hereby reversed, and this matter is remanded to that court for further proceedings in accordance with law and this opinion.
Judgment reversed and cause remanded.
 BROWN and FRENCH, JJ., concur. *Page 1